FILED
SCRANTON
DEC 1 2 2012
Per M. B. K.
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FUQUAN SPELLS (#50999-056),

    Petitioner,

v.

DAVID J. EBBERT,

    Respondent.

Civil Action No. 3:12-CV-00783

(Judge Kosik)

# ORDER

AND NOW, this 12th day of December, 2012, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Fuquan Spells, an inmate in the custody of the Federal Bureau of Prisons at the United States Penitentiary - Canaan, in Waymart, Pennsylvania ("USP-Canaan"), filed this instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 26, 2012. (Doc. 1).

(2) In his Petition, Petitioner challenges the length of the placement in a Residential Re-Entry Center ("RRC"), or halfway house, which BOP officials determined that Petitioner should receive. He specifically argues that BOP officials failed to consider his successful completion of certain prison programs and classes when determining an appropriate RRC placement and that it was inconsistent with the Second Chance Act of 2007.

(3) Placement into an RRC is statutorily governed by the Second Chance Act of 2007, codified at 18 U.S.C. §§ 3621 & 3624. The purpose of the Act is to help reintegrate prisoners back into the community. *See* 18 U.S.C. § 3624(c). Under the Act, the BOP must make an individualized determination of each inmate to decide how best to accomplish the import of the Act. *See id.*

(4) The action was assigned to Magistrate Judge Martin C. Carlson for a Report and Recommendation.

(5) On November 19, 2012, the Magistrate Judge issued a Report and

Recommendation wherein he recommends that the Petition for Writ of Habeas Corpus be denied. (Doc. 13).

(6) Specifically, the Magistrate Judge found that even though the Respondent had not proven at this stage that the Petitioner had failed to exhaust his administrative remedies, the petition should nonetheless be denied because Petitioner is not entitled to habeas relief on the merits of his claim. (Doc. 13). In particular, the Magistrate Judge found that Petitioner had no liberty interest to early release to an RRC, and that the undisputed facts show that Petitioner has been properly evaluated for an RRC placement, and that the Unit Team charged with undertaking this review recommended that Petitioner be given a 150- to 180- day placement based on factors relevant to Petitioner individually.

(7) To date, Petitioner has failed to file timely objections to the Magistrate Judge's Report and Recommendation.

AND, IT FURTHER APPEARING TO THE COURT THAT:

(8) If no objections are filed to a magistrate judge's report and recommendation, the petitioner is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

(9) We have reviewed the Magistrate Judge's thorough Report and we agree with the recommendation that the Petition for Writ of Habeas Corpus should be denied. Though Respondent failed to prove that Petitioner did not exhaust his administrative remedies, the record clearly shows that Petitioner was appropriately considered for the RRC placement following an evaluation of his individual circumstances in light of the five factors prescribed by 18 U.S.C. § 3621(b); that Petitioner's participation in skills development programming was appropriately considered; that there was no basis to conclude that the placement decision ultimately reached was the product of unlawful retaliation on the part of prison officials; and

that the replacement recommendation was reasonable under the factors appropriately considered by the Unit Team. The Magistrate Judge was correct in concluding that there is no basis to find that Petitioner's rights under the Second Chance Act were violated, and therefore, his petition should be denied.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 13) is ADOPTED;

(2) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED;

(3) The Clerk of Court is directed to CLOSE this case and to FORWARD a copy of this Order to the Magistrate Judge; and

(4) There is no basis for a certificate of appealability.

_____
Edwin M. Kosik
United States District Judge